UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY GLENN,

    Petitioner,

-vs-                                        Case No.   8:16-cv-699-CEH-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    Before the Court is Petitioner's motion for relief from judgment under Rule 60(b)(6). (Doc. 23). "Rule 60(b)(6) is a catchall provision; it permits a court to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time…." *Rismed Oncology Sys., Inc. v. Baron*, 2015 U.S. App. LEXIS 12335, at *18-19 (11th Cir. July 17, 2015) (unpublished) (citation and internal quotation marks omitted). Additionally, "[r]elief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances, and that absent such relief, an extreme and unexpected hardship will result." *Id.* at *19 (citations and internal quotation marks omitted). Finally, "even under exceptional circumstances, the decision to grant Rule 60(b)(6) relief is a matter for the court's sound discretion." *Id.* (citations omitted).

1

The motion is primarily based on the alleged insufficiency of the evidence at Petitioner's trial and *Mendez v. State*, 271 So. 3d 1093 (Fla. 3d DCA 2019), a case Petitioner asserts "clarified major change of law[]." (Doc. 23 at 7). Petitioner's arguments about the sufficiency of the evidence were available when he filed his petition in 2016. And the decision in *Mendez* was issued on February 13, 2019. This motion was filed on August 25, 2023. Thus, Petitioner waited more than four years from the time that *Mendez* was issued to file this motion. This four-year delay was not "within a reasonable time" as contemplated by the Rule.

Even if the motion was filed within a reasonable time, the Court would exercise its discretion and deny the motion, as Petitioner has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's Order dismissing his federal habeas petition. Dismissal of his petition was appropriate because the petition was untimely, and Petitioner has failed to present a colorable claim of actual innocence to overcome the time bar. *See, e.g., Johnson v. Alabama*, 256 F.3d 1156, 1171-72 (11th Cir. 2001) (finding claim of insufficient evidence at trial, with no new evidence, did not establish actual innocence to overcome procedural bar).

Accordingly, it is **ORDERED** that Petitioner's motion for relief from judgment under Rule 60(b)(6) (Doc. 23) is **DENIED**.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2023.

*[signature]*
Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*
Counsel of Record